DAVE GODFREY, ADMINISTRATOR OF THE ESTATE OF BRENDA MAE THOMAS
*v.* WILLIE RUFUS SMITH.

(Filed 4 February, 1966.)

APPEAL by defendant from *Nimocks, E.J.,* 5 April 1965 Civil Session of HARNETT.

Civil action by the duly appointed and qualified administrator of the estate of Brenda Mae Thomas to recover damages for the

alleged wrongful prenatal death of Brenda Mae Thomas, a viable child *en ventre sa mere,* heard upon a demurrer to the complaint and the amended complaint.

The complaint and amended complaint allege in substance: On 5 July 1963 Brenda Mae Thomas was a viable child in her eighth month of gestation *en ventre sa mere;* that on that day there was a collision between an automobile driven by her mother and an automobile driven by defendant; that said collision was caused by the negligence of defendant in the operation of his automobile, and the acts of negligence by defendant are specifically alleged; and that as a proximate result of such collision Brenda Mae Thomas was killed, and was born dead on 9 July 1963.

Defendant demurred to the complaint and amended complaint on the following ground: The complaint and amended complaint do not state facts sufficient to constitute a cause of action against defendant, in that it appears upon the face of the complaint and upon the face of the amended complaint that plaintiff's alleged intestate was an unborn *foetus* at the time of her alleged death by wrongful act. The trial court overruled the demurrer and allowed defendant 30 days thereafter in which to answer. Defendant appealed.

*Teague, Johnson and Patterson by Robert M. Clay for defendant appellant.*

*Morgan and Williams by Ben T. DeBerry for plaintiff appellee.*

PARKER, J. Defendant has ignored Rule 4(a), Rules of Practice in the Supreme Court, 254 N.C. 783, 784, in appealing instead of petitioning this Court for a writ of *certiorari.* However, under the particular circumstances here we have decided to pass on the appeal.

Decision in the instant case is controlled by the decision in *Gay, Administrator v. Dr. G. R. C. Thompson,* 266 N.C. 394, 146 S.E. 2d 425, the opinion in which is filed contemporaneously with the opinion in this case. Upon authority of the decision in that case, the learned judge below erred in overruling the demurrer in the instant case. He should have sustained it, and dismissed the action. The judgment below is

Reversed.